IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DUANE HASSEBROCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:09-cv-876-MJR |
| CEJA CORPORATION and | ) |
| BEN WEBSTER, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**COUNT I**

**RACKETEER INFLUENCED AND
CORRUPT ORGANIZATIONS**

**NATURE OF ACTION**

This is an action under 18 U.S.C. § 1964(c) regarding Racketeer Influenced and Corrupt Organizations, to correct unlawful activity by defendants herein, in conspiring in violation of 18 U.S.C. § 1962(d) to commit a violation of 18 U.S.C. § 1962 subsection (b), and whose actions in furtherance of that conspiracy injured plaintiff in his property.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.  This action is authorized pursuant 18 U.S.C. § 1964(c), and is based on an 18 U.S.C. § 1962(d) conspiracy to violate 18 U.S.C. § 1962(b).

2. Plaintiff, Duane Hassebrock, at all times relevant to this cause was a resident in the Southern District of Illinois.

3. At all times relevant to this cause the defendant Ceja Corporation was and is an Oklahoma corporation duly licenced to conduct business in Illinois and had and has field offices in Marion County at 7738 Oleary Road Kinmundy, Illinois 62854, which is located in the Southern District of Illinois.

4. At all times relevant to this cause the defendant Ben Webster was and is an individual citizen of the United States of America and resided in Marion County and currently resides at 8751 Webster Lane, Kinmundy, Illinois 62854, which is located in the Southern District of Illinois.

## PARTIES

5. Plaintiff, Duane Hassebrock, is an individual citizen and protected by the laws of the United States.

6. At all times relevant to this cause the defendant Ceja Corporation has continuously been and is now a foreign corporation doing business in the Southern District of Illinois.

7. At all times relevant to this cause the defendant Ben Webster has and is now doing business in the Southern District of Illinois, both individually and through various business entities.

## STATEMENT OF CLAIM

8. On or about October 21, 1999, Plaintiff, Duane Hassebrock (Hassebrock),

Ceja Corporation (Ceja) and Deep Rock Energy Corporation (Deep Rock) entered into a joint venture agreement to explore for oil under various lands located in Marion County, Illinois, and the venture was initially known as the "Omega Dome Prospect".

9. By the terms of the agreement Ceja was to have a 25% working interest in any resulting oil production, and Hassebrock and Deep Rock were to jointly have the remaining 75% working interests.

10. The agreement also provided that the additional lands and leases that were acquired by the parties would become subject to the joint venture agreement.

11. By October of 2000, the Omega Dome prospect had expanded north of its original exploration area and the parties had begun to conduct seismic surveys as part of the joint venture in Stephen A. Forbes State Park.

12. At the time of the seismic surveying was conducted in Stephen A. Forbes State Park, the Omega Dome Prospect had taken on additional reference names including "Omega North West" and "Omega Deep North Extension".

13. On or about October 21, 2000, the seismic surveying indicated that the parties had discovered one of the largest oil deposits ever found in Illinois or the Mid-West.

14. After making the historic and valuable oil discovery, Ceja and Webster schemed to acquire by fraud Hassebrock's interests in the venture, and in violation of 18 U.S.C. § 1962(d) defendants entered into a conspiracy to violate 18

U.S.C. § 1962, subparagraph (b), as more specifically set out herein.

15. Defendants, Ceja, through its agents, and Webster, conspired to acquire Hassebrock's interest in the Omega Dome Prospect (a/k/a Omega North West and Omega Deep North Extension), an enterprise, through a pattern of racketeering activity.

16. The racketeering activity contemplated in said conspiracy included but was not limited to the activity set out below, the goal of which was to make it appear the Omega Dome Prospect venture had come to and end and that a new venture by a new name had formed without Hassebrock which then discovered the historic oil field.

17. Contemplated in the conspiracy to violate 18 U.S.C. § 1962(b) was that the conspirators would necessarily violate the 18 U.S.C. § 1341 mail fraud, and 18 U.S.C. § 1343 wire fraud provisions of law by utilization of the United States Postal Service and telephone communications to facilitate the scheme.

18. On or after October 21, 2000, and on information and belief, Ceja, through its agents, and Webster by way of telephone conversations between Oklahoma and Illinois, orchestrated a plan to make it appear the Omega Dome Prospect has dissolved and a new venture known as the Stephen Forbes State Park Prospect had formed and then subsequently discovered the historic oil field.

19. On or after October 21, 2000, Ceja Corporation, through its agent, mailed a letter to Ben Webster as President of Deep Rock which appeared to be dated

October 20, 2000, and set out an agreement to form the Stephen Forbes State Park Prospect.

20. On or after October 21, 2000, Webster signed the letter agreement referenced in paragraph 19 above and placed in the mail for delivery to Ceja.

21. On or after October 21, 2000, Ceja Corporation, through its agent, mailed a letter to Ben Webster individually which was purported to be dated October 3, 2000, and which appears to release back to Ben Webster individually leases on a tract of land which lies south of the historic oil field and north of the original lands that comprised the Omega Dome Prospect.

22. On or after October 21, 2000, Ben Webster individually signed the letter release referenced in paragraph 21 above, purportedly signed by him on October 3, 2000, and placed in the mail for delivery back to Ceja.

23. On or after October 21, 2000, both defendants Ceja, through its agents, and Webster falsified numerous documents and maps by changing dates and project numbers and other information to make it appear the Stephen Forbes State Park Prospect was not the same enterprise as the Omega Dome Prospect, and they used the mails to deliver said falsified documents to each other, Hassebrock, and other individuals and entities.

24. The conduct of conspirators as set out in paragraphs 18 through 23 above was done in violation of 18 U.S.C. § 1341 mail fraud, and 18 U.S.C. § 1343 wire fraud provisions of law by utilization of the United States Postal Service and

telephone communications to facilitate the conspiracy to violate 18 U.S.C. § 1962(b).

25. Upon information and belief, necessary to their conspiracy to fraudulently acquire Hassebrock's interest in the Omega Dome Prospect (the enterprise), the defendants sold undivided working interests in the Stephen Forbes State Park Prospect to numerous investors for a minimum of $650,000.00 per 1% working interest in an effort to make it appear the Stephen Forbes State Park Prospect was not the same as the Omega Dome Prospect.

26. The conduct of the conspiracy as set out in paragraph 25 above constituted the sale of unregistered securities in violation of the securities fraud provisions of law found at 15 U.S.C § 77.

27. In furtherance of their conspiracy to acquire Hassebrock's interest in the Omega Dome Prospect, the defendants Ceja, through its agents, and Webster made numerous bank and other financial transactions with the funds obtained through the illegal sale of unregistered securities set out in paragraphs 25 and 26 above.

28. Upon information and belief the plaintiff alleges that the defendants, in violation of 18 U.S.C. § 1957, did in fact engage in monetary transactions in criminally derived property in excess of $10,000.00, by depositing the funds from the illegal sale of unregistered securities in various financial institutions in Oklahoma, Illinois and other states.

29. As a result of the aforesaid conspiracy to commit unlawful acts and the unlawful acts that were actually committed by defendants, plaintiff has been damaged in his property.

30. Plaintiff claims he is entitled to recover a 37.5% working interest in the Stephen Forbes State Park Prospect, a/k/a the Omega Dome Prospect, which has a minimum value of $24,375,000 (37.5 x $650,000).

31. Plaintiff also claims he is entitled to recover 37.5% of all oil and gas revenue that has been generated on the Stephen Forbes State Park Prospect, a/k/a the Omega Dome Prospect, since October of 2000. On information and believe the oil field has to date produced more than $100,000,000 of crude oil.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, as against the defendants, Ceja Corporation and Ben Webster, respectfully requests this Court to:

A. Grant a permanent injunction enjoining defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any unlawful activity which is the basis of this action.

B. Order defendants to make whole plaintiff by paying the value of his working interest share and his share of the oil revenue from the Stephen Forbes State Park oil operation and pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful racketeering activity.

C. Order defendants to pay the plaintiff treble damages as allowed by law.

D. Order defendants to pay the plaintiff punitive damages for their malicious and/or reckless conduct, in an amount to be determined at trial.

E. Grant such further and relief as the Court deems necessary and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY.

## COUNT II

## BREACH OF CONTRACT

## NATURE OF ACTION

This action is also based on the common law of Illinois for breach of contract.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332. This action involves an amount in controversy in excess of $75,000 and it is between citizens of different states.

2. Plaintiff, Duane Hassebrock, at all times relevant to this cause was a resident in the Southern District of Illinois.

3. At all times relevant to this cause the defendant Ceja Corporation was and is an Oklahoma and has its principal place of business in Oklahoma.

## PARTIES

4. Plaintiff, Duane Hassebrock, is an individual citizen and protected by the laws of the United States and Illinois.

5. At all times relevant to this cause the defendant Ceja Corporation has

continuously been and is now a foreign corporation doing business in the Southern District of Illinois.

## STATEMENT OF CLAIM

6.  On or about October 21, 1999, Plaintiff, Duane Hassebrock (Hassebrock), Ceja Corporation (Ceja) and Deep Rock Energy Corporation (Deep Rock) entered into a joint venture agreement to explore for oil under various lands located in Marion County, Illinois, and the venture was initially known as the "Omega Dome Prospect".

7.  By the terms of the agreement Ceja was to be the operator of the Omega Dome Prospect and any oil production resulting therefrom.

8.  By the terms of the agreement Ceja was to have a 25% working interest in any resulting oil production, and Hassebrock and Deep Rock were to jointly have the remaining 75% working interests.

9.  Since the execution of the agreement Ceja has breached its duties to Hassebrock and has not paid him for his interests in the oil and gas production from the Omega Dome Prospect operation.

10.  Plaintiff claims he is entitled to recover a 37.5% working interest in the Omega Dome Prospect (now known as Stephen Forbes State Park Prospect), which has a minimum value of $24,375,000.

11.  Plaintiff also claims he is entitled to recover 37.5% of all oil and gas revenue that has been generated from the Omega Dome Prospect operation since

October of 2000. On information and believe the oil field has to date produced more than $100,000,000 of crude oil.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, as against the defendant CEJA CORPORATION, respectfully requests this Court to:

A. Enter judgment in plaintiff's favor and order defendant to make whole plaintiff by paying the value of his working interest share and his share of the oil revenue from the Omega Dome Prospect oil operation and pre-judgment interest, in amounts to be determined at trial.

B. Enter judgment in plaintiff's favor and declare that plaintiff's working interest share in the Omega Dome Prospect oil operation (now known as the Stephen Forbes State Park Prospect) is 37.5%.

C. Grant such further and relief as the Court deems necessary and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY.

                DUANE HASSEBROCK

                Respectfully Submitted,

by:    /s/ *Daniel F. Goggin*
                _____
                Daniel F. Goggin, his attorney
                Attorney at Law
                P.O. Box 157, 204 W. Oak
                Greenville, Illinois 62246
                (618) 664-1399
                No. 06210814