IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DUANE HASSEBROCK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 09-CV-0876-MJR |
| ) | |
| **CEJA CORPORATION and BEN WEBSTER,** ) ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

On November 10, 2009, Plaintiff Duane Hassebrock filed a voluntary motion to dismiss Count I of his two-count Complaint (Doc. 4).

Plaintiff has cited no federal rule as authority for the dismissal. However, **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** permits a plaintiff to secure voluntary dismissal of an action (or a defendant) by two methods. First, under Rule 41(a)(1)(i), a plaintiff may file a *notice of dismissal* any time before the adverse party has served an answer or a summary judgment motion. Second, under Rule 41(a)(1)(ii), a plaintiff may file a *stipulation of dismissal* signed by all parties who have appeared in the action. The Court notes that the word "action" is not limited to the entire action but may refer to a subpart thereof. *See, e.g., **Home Federal Bank For Sav. v. Ben Franklin Financial Corp.**, 1990 WL 91495, 3 (N.D.Ill. 1990), citing **Merit Insurance Co. v. Leatherby Insurance Co.**, 581 F.2d 137 (7th Cir. 1978)*.

In the case at bar, no Defendant has answered, so Plaintiff can dismiss Count I via notice of dismissal. Because there are no claims against Defendant Webster in Count II, Plaintiff's

1

dismissal of Count I serves to dismiss this Defendant.

Additionally, on preliminary review of the Complaint, the undersigned Judge notes that Plaintiff has incorrectly pled the elements of citizenship needed for this Court to assess whether subject matter jurisdiction lies under the federal diversity statute, 28 U.S.C. § 1332. The complaint pleads Plaintiff's "residence" as opposed to his "citizenship." The law of this Circuit plainly provides that residence and citizenship are not synonyms, and "it is the latter that matters for purposes of diversity jurisdiction." ***Camico Mutual Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007)**.

Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss Count I of his Complaint (Doc. 4). Because no claim remains against Defendant Ben Webster, the Court **DISMISSES** him from this action. Lastly, the Court **ORDERS** Plaintiff - on or before December 1, 2009 - to file an amended complaint properly setting forth the citizenship of each party and conforming the pleading to this Memorandum and Order.

**IT IS SO ORDERED.**

**DATED this 13th day of November, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**